**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

VIKASH VIKASH,                                          )
                                                       )
        Petitioner,                          )
                                                       )
v.                                                     )      Case No. CIV-26-816-J
                                                       )
WARDEN CHRIS GANT, et al.,                             )
                                                       )
        Respondents.                         )

## <u>ORDER</u>

Petitioner Vikash Vikash, a citizen of India, is currently in the custody of the Department of Homeland Security (DHS).  He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking release [Doc. No. 1].  The matter was referred to United States Magistrate Judge Suzanne Mitchell who issued a Report and Recommendation [Doc. No. 15] recommending that the Court:  (1) grant the Petition by ordering Respondents to immediately release Petitioner subject to the same conditions that governed his earlier parole; (2) order Respondents to certify compliance by filing a status report within ten business days of the Court's order and to promptly provide a copy of the Court's order to counsel for the Warden of the Cimarron Correctional Facility; and (3) order that Respondents cannot re-detain Petitioner without notice and a pre-deprivation hearing before a neutral decision-maker.  Respondents filed a timely Objection [Doc. No. 16], triggering de novo review as to the portions of the Report and Recommendation to which a specific objection is made.  *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).  Petitioner filed a timely response to Respondents' objection [Doc. No. 17].

Petitioner is a citizen of India who entered the United States without inspection on January 1, 2023.  Upon arrival, a United States Customs and Border Patrol Agent arrested Petitioner.

Petitioner was then paroled into the United States under 8 U.S.C. § 1182(d)(5).  On March 17, 2023, DHS placed Petitioner into standard removal proceedings under 8 U.S.C. § 1229a by issuing him a Notice to Appear (NTA).  Petitioner sought asylum on April 3, 2023, and that application is still pending.  On March 11, 2026, an Oklahoma Highway Patrol Trooper arrested Petitioner during a traffic stop and transferred him to DHS custody.  Petitioner asserts he was detained despite no material change in circumstances, no arrest warrant, no notice of revocation or expiration of his parole, and no pre-detention hearing.

In their objection, Respondents recognize the Tenth Circuit's recent decision in *Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026) and requests that any order be limited to ordering a bond hearing within seven days.  The *Quiroz* case, however, did not involve a rearrest following parole and it does not appear to apply to this case.  Additionally, Respondents do not object to Judge Mitchell's conclusion that Petitioner is entitled to release because Respondents improperly revoked his release without due process as required by the Fifth Amendment.  Rep. & Rec. at 5-14.  Respondents have therefore waived the right to appellate review of the factual and legal issues addressed in the Report and Recommendation on this issue. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

Accordingly, the Report and Recommendation [Doc. No. 15] is ADOPTED and Petitioner's Petition for Writ of Habeas Corpus is GRANTED.  The Court, therefore, ORDERS Respondents to immediately RELEASE Petitioner from custody subject to the same conditions that governed his earlier parole.  Respondents shall certify compliance within ten (10) business days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 9th day of July, 2026.

_____
BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE